**Jerry Wayne REESE, Petitioner,**

**v.**

**Ray H. PAGE, Warden, Respondent.**

No. A–13874.

Court of Criminal Appeals of Oklahoma.

Feb. 9, 1966.

Jerry Wayne Reese, pro se.

Charles Nesbitt, Atty. Gen. State of Oklahoma, for respondent.

BUSSEY, Presiding Judge.

 This is an original proceedings in which Jerry Wayne Reese seeks his release from confinement in the State Penitentiary in McAlester, Oklahoma, where he is currently confined by virtue of a judgment and sentence rendered against him on the 27th day of January, 1961, when he appeared in person and with counsel, on that date, and entered a plea of guilty to the charge of Burglary in the Second Degree. He was sentenced to serve a term of five years imprisonment in the State Peniten-

tiary, but the judgment and sentence was suspended under the provisions of 22 Okl.St. Ann. § 991 and § 992.

Title 991 provides:

"Whenever any person shall be convicted in any court of record for any crime other than murder, manslaughter or arson, the Judge trying said cause may, after sentence, suspend said judgment and sentence, and allow said person so convicted to be released upon his own recognizance. Said Judge may also suspend the judgment and sentence of a youth, twenty (20) years of age or under, who has been convicted in any court of record of the crime of arson. Provided, that no such person shall be so released, who, has not, prior thereto, borne a good reputation or who may have been prior thereto convicted of a felony in any state or territory of the United States."

Title 992 provides:

"Any person so released as provided in the preceding Section shall be required to report to the Judge of the Court wherein convicted, at each succeeding term during the pendency of said judgment, or when required by the Court or Judge, and prove to the satisfaction of said Judge by two citizens of said County of good reputation, that said person has not violated any law, and has been a quiet, peaceful and law abiding citizen. Provided, that if it shall be made to appear to said Judge that said person so released has been guilty of a violation of any law after his said release, or is habitually associating with lewd or vicious persons, or is indulging in vicious habits, in that event said Court shall cause a warrant to be issued for said person, and he shall be delivered forthwith to the place of confinement to which originally sentenced, and shall serve out the full term for which he had originally been sentenced."

Thereafter, on the 10th day of November, 1964 Mr. R. H. Mills, County Attorney in

and for Bryan County, filed an application in the District Court of Bryan County, for an Order revoking the order suspending judgment and sentence in Case No. 4600. Notice of said hearing was served on petitioner in December, 1964, and the hearing was conducted on the 5th day of January, 1965, at which time the trial court entered an Order revoking the order suspending judgment and sentence.

Petitioner challenged the jurisdiction of the District Court of Bryan County to enter the Order revoking the order suspending judgment and sentence for the following reasons:

"Bryan County, State of Oklahoma, lost jurisdiction in this case after failing to place a hold order in New Mexico. Bryan County, State of Oklahoma notified authorities in New Mexico, defendant was not wanted. After release from New Mexico, defendant spent 28 months in Bryan County without plaintiff attempting to revoke suspended sentence. Defendant further alleges that he never was assigned a parole officer as alleged in complaint for revoking suspended sentence."

We believe all of these contentions are wholly without merit for the reason that under the terms of his suspended sentence granted in accordance with the provisions of 22 Okl.St.Ann. § 992, the Order suspending said sentence could be revoked for a breach of any of the terms set forth in the statute. Defendant admits in his petition his incarceration in the State of New Mexico for a crime committed in that state, subsequent to the suspension of his judgment and sentence in the District Court of Bryan County, Case No. 4600. This conviction alone supports the Order revoking the order suspending judgment and sentence, and although there are numerous other grounds set forth in the application of the County Attorney for an Order revoking the order suspending judgment and sentence, it is unnecessary to consider any of them. We are of the opinion that the failure of Bryan County officials to place a hold order on the petitioner or to extradite him after he completed serving his sentence in New Mexico, did not divest the trial court of the authority to enter an Order revoking the order suspending judgment and sentence for a breach of any of the conditions imposed under the provisions of 22 Okl.St.Ann. § 992, supra. The court could only lose jurisdiction to revoke the Order suspending said sentence when the time originally imposed had expired.

For the reasons above set forth the writ prayed for is denied.

BRETT and NIX, JJ., concur.